IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

UNITED STATES OF AMERICA

v.                                                           CASES NO. 5:17cr38-RH

TERRY MICKEL KNIGHT, JR.,

    Defendant.

_____/

**ORDER DENYING COMPASSIONATE RELEASE**

    The defendant Terry Mickel Knight, Jr. is serving a sentence in the Bureau of Prisons. He has moved for what is commonly known as "compassionate release" based on the covid-19 pandemic. He asserts he suffers from gastroesophageal reflux disease and chronic anxiety. The presentence report noted a history of treatment for anxiety.

    Until recently, a district court could grant compassionate release only on motion of the Director of the Bureau of Prisons. The First Step Act changed this, allowing a sentence reduction on the motion of the Director *or the defendant*. *See* 18 U.S.C. § 3582(c)(1)(A) (emphasis added). A defendant may file such a motion after exhausting administrative remedies. Or the defendant may file such a motion

without exhausting administrative remedies if more than 30 days have passed since the defendant delivered a request for relief to the warden of the defendant's facility. This order assumes without deciding that the exhaustion-or-30-days requirement has been met.

The statute allows a sentence reduction if, after considering the sentencing factors in 18 U.S.C. § 3553(a) to the extent applicable, the court finds that "extraordinary and compelling reasons warrant such a reduction" and the "reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A). The "policy statements of the Sentencing Commission" are set out in United States Sentencing Guidelines Manual ("Guidelines Manual") § 1B1.13 (2018).

As relevant here, the provision allows a sentence reduction if "[e]xtraordinary and compelling reasons warrant the reduction" and the defendant "is not a danger to the safety of any other person or to the community." *Id*. An application note lists categories of extraordinary and compelling reasons, none applicable here, but concludes with a catchall: "an extraordinary and compelling reason other than" those that are listed. *Id*. cmt. n.1(D).

By its terms, the catchall provision requires the extraordinary-and-compelling-reason determination to be made by the Director of the Bureau of Prisons. But when the catchall provision was adopted, only the Director could

move for compassionate release. Now the First Step Act authorizes compassionate release on the court's own motion. The determination now can be made by the court; the note's requirement for a determination by the Director is inconsistent with the statute.

At least as shown by this record, Mr. Knight faces no greater risk than an average prisoner from covid-19. That risk, without more, does not make a prisoner eligible from release this far removed from completion of a sentence.

In any event, as a matter of discretion, and upon consideration of the 18 U.S.C. § 3553(a) factors and all the circumstances, I conclude that Mr. Knight's sentence should not be reduced at this time. The sentence as imposed remains the appropriate sentence. This order thus does not appoint an attorney for Mr. Knight. But a copy of this order will be provided to the Federal Public Defender, who may, if he chooses, seek appointment and reconsideration of this order based on additional medical information.

This order does not preclude the Bureau of Prisons from releasing Mr. Knight to home confinement under the Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136 § 12003(b)(2). This order expresses no opinion one way or the other on whether the Bureau should do so.

IT IS ORDERED:

1. Mr. Knight's motion to appoint an attorney, ECF No. 43, is denied.

2. Mr. Knight's motion for a sentence reduction, ECF No. 44, is denied.

3. The clerk must provide copies of this order to Mr. Knight himself by mail and to the attorneys of record and the Federal Public Defender through the electronic filing system.

SO ORDERED on June 3, 2020.

s/Robert L. Hinkle  
United States District Judge